IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4002-04-CR-C-NKL |
| ) | |
| DOUGLAS EUGENE COMSTOCK, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

ORDER

On March 26, 2007, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Douglas Eugene Comstock, Jr.'s ("Comstock") motions for bill of particulars, severance, disclosure of confidential informants, and suppression of evidence. *See* Report and Recommendations [Doc. # 389, 390, 391, 393]. Comstock filed timely objections to the R&Rs [Doc. # 424]. After a *de novo* review of the record, the Court is convinced that the recommendations of the Magistrate are correct and should be adopted.

**I.      Disclosure of Confidential Informants**

The Constitution does not require that prosecutors disclose the identity of confidential informants in every case. *McCray v. Illinois*, 386 U.S. 300 (1967). To compel disclosure of a confidential informant's identity, a defendant must show that his

1

right to the information outweighs the Government's traditional privilege to withhold it. *Roviaro v. United States*, 353 U.S. 53, 59-62 (1957). "In order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). An informant's testimony is material if it is necessary to ensure a fair trial or is relevant and helpful to the defense theory or the case. *Id*. Under this standard, the identity of a "tipster" whose observations formed the basis for a search warrant but who will not be a witness at trial is not subject to compulsion. *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997). The defendant bears the burden of demonstrating a need for disclosure. *Id*. (citing *Roviaro*, 353 U.S. at 59.

In neither his original motion nor in his objections has Comstock demonstrated that the non-testifying confidential informants have any evidence which is material to any issue in this case. Conclusory statements that disclosure of such informants is "necessary . . . to effectively represent defendant at trial" are unpersuasive. Those government witnesses who will testify must be disclosed seven days before trial per the Court's Scheduling Order, along with any information concerning plea agreements and inducements. The Government has indicated it will comply with that Order, and the Court finds no reason to accelerate those deadlines.

**II.  Suppression of Evidence Obtained Through Interception of Wire Communications**

An order authorizing a wiretap must include, among other things, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 § 2518(1)(c).  DEA agent Steve Mattas testified that a wiretap was necessary in this case because, although an investigation had been ongoing for some time, the government needed corroborating evidence of the scope of the conspiracy involved which they had not been able to acquire through other means.  Law enforcement need not exhaust all other possible sources of evidence to satisfy § 2518(1)(c).  *See United States v. Matya*, 541 F.2d 741, 745 (8th Cir. 1976).  Mattas's testimony is sufficient to establish the necessity of a wiretap.  *United States v. Jackson*, 345 F.3d 638, 644 (8th Cir. 2003).  No attempt has been made to impeach Mattas's testimony.  Nor has Comstock made any attempt to challenge the affidavit supporting the extension of the wiretap for an additional 30 days.  *See* 18 U.S.C. § 2518(1)(f) ("a statement setting forth the results thus far obtained from the interception, or a reasonable explanation of the failure to obtain such results" must be included in a application to extend an existing wiretap.)  The Court finds no reason to suppress evidence obtained through the wiretap.

**III.    Suppression of Evidence Seized**

Comstock objects to Judge Knox's R&R as to the evidence seized at his residence on the grounds that the statements in the affidavit supporting the search warrant executed did not meet the standard for probable cause.  The Court disagrees.   The standard for determining whether information obtained from confidential informants and other sources

3

is a "totality of the circumstances" test. *United States v. Ross*, 713 F.3d 389, 393 (8th Cir. 1983). Where police obtain information from a confidential informant, the informant's reliability, veracity and basis of knowledge are relevant considerations rather than independent elements necessary to a finding of probable cause. *Illinois v. Gates*, 462 U.S. 213, 230 (1983); *Ross*, 713 F.2d at 393. For example, "an informant's clear basis of knowledge [can] be balanced against, rather than automatically overruled by, that informant's lack of a 'track record' of reliability." *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986). Moreover, the informant's information in this case was corroborated by the existence of marijuana stems in the dumpster outside Comstock's residence and wiretap evidence of marijuana sales. Given the totality of circumstances, there was probable cause for the warrant to search Comstock's residence.

Even if there weren't, however, the search conducted was based upon the officers' good-faith reliance on a judicially authorized warrant and thus any evidenced seized should not be suppressed. *United States v. Leon*, 468 U.S. 897 (1984); *United States v. Moore,* 41 F.3d 370, 376 (8th Cir. 1994). The good faith exception allows evidence obtained pursuant to a search warrant, later found to be invalid, to be admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant. *United States v. Leon*, 468 U.S. at 922. There is no evidence before the Court that the warrant was obviously deficient on its face such that a reasonable officer could not have relied on it in good faith. Consequently, Judge Knox's R&R as to the evidence seized will be adopted.

4

## IV. Severance

Comstock argues that his case has been improperly joined with his co-defendants', and that even if the joinder is proper, his case should be severed under Fed. R. Crim. P. 14(a). Comstock's joinder is proper under Rule 8(b) as he and his co-defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses," Fed. R. Crim. P. 8(b), and there is a preference for joint trials under the Federal Rules. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Ruiz*, 446 F.3d 762, 772 (8th Cir. 2006). A court may grant a defendant's motion to sever where "joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14. However, a "district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539. Persons charged in a conspiracy are generally tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. *United States v. O'Meara*, 895 F.2d 1216, 1218 (8th Cir. 1990); *see also United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993) (in the context of a conspiracy, severance will rarely, if ever, be required). Separate trials are not required just because a defendant did not participate in all aspects of the conspiracy. *United States v. Kaminski*, 692 F.2d 505, 520 (8th Cir. 1982). Comstock has pointed to no prejudicial effect he will suffer as a result of being tried with his co-defendants sufficient to warrant severance of his case.

## V. Bill of Particulars

Finally, Comstock has alleged that Count One of the Indictment is so vague and indefinite that he will be denied his right to a fair trial unless the court orders the filing of a bill of particulars. Count I charges that Comstock conspired with others to

> knowingly and intentionally distribute and possess with the intent to distribute a controlled substance, that is, 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Comstock argues that the indictment, which spans conduct from 1998 to 2005, does not give him adequate notice of the dates he is alleged to have participated in the conspiracy, whom he conspired with on such dates, where the conspiracy occurred, and the specific amounts of drugs he is believed to be responsible for. "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993) (citing *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir.1980)). The district court has broad discretion to grant or deny a bill of particulars, *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). As the Court concludes the indictment is sufficient on its face, no bill of particulars is necessary in this case.

## VI. Conclusion

Accordingly, it is

6

ORDERED that Judge Knox's Report and Recommendations of March 26, 2007, [Docs ## 389, 390, 391, 393] are ADOPTED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 31, 2007  
Jefferson City, Missouri